## DUSTIN *et al.* v. HARDY.

No. 6133. Opinion Filed March 7, 1916.

Rehearing Denied March 28, 1916.

(155 Pac. 1179.)

**APPEAL AND ERROR—Findings of Fact—Conflicting Evidence.** It has always been the settled policy of this court not to disturb the findings of the trial judge where the evidence is conflicting.

(Syllabus by Mathews, C.)

*Error from County Court, Carter County;*
*W. F. Freeman, Judge.*

Action by Jim Dustin and others against R. Hardy. Judgment for defendant, and plaintiffs bring error. Affirmed.

*Sigler & Howard,* for plaintiffs in error.

*W. F. Bowman,* for defendant in error.

Opinion by MATHEWS, C. This was an action against the surety on a replevin bond. Plaintiff Miller commenced an action against one McKinney and caused an attachment to be issued and levied upon certain property. Immediately thereafter his wife, Rosa McKinney, set up a claim to the attached property and instituted a replevin action therefor against the said Miller and plaintiff Jim Dustin, constable, and defendant, R. Hardy, signed the replevin bond as surety, and the attached property went into the possession of the said Rosa McKinney. On the 14th day of November, 1912, judgment was rendered by default in favor of Miller in the attachment action, and in favor of the defendants in the replevin action. This action was instituted upon said replevin bond against R. Hardy, the surety thereon.

Dustin et al. v. Hardy.

The defendant answered this action by alleging that the property attached in the original suit had been taken possession of under a writ of attachment that was void, and in order to avoid the effect of quashing said attachment it had been agreed that no judgment would be taken that would bind R. Hardy, the surety on the replevin bond. Upon conflicting testimony the trial court decided in favor of defendant, and the plaintiffs prosecute this appeal.

It appears from the testimony that, when the two cases involving the attached and replevied property were called for trial, attorneys representing the several parties were present, and it was brought to the attention of plaintiffs' attorneys that the attachment writ had been served by one Fount Dustin, who was not an officer, and had not been specially appointed to execute the attachment writ, and it was there agreed that the attachment was void, but as to the further agreement the evidence of the attorneys on each side conflicts.

It could serve no good purpose to review the evidence introduced at the trial. We have carefully considered the same, and it amply sustains the finding of the trial judge, and it has always been the settled policy of this court not to disturb the findings of the trial judge where the evidence is conflicting.

Attorneys for plaintiffs in error have urged several technical grounds against the decision of the trial court. Questions like the one at bar, involving the keeping of agreements with opposing counsel, should be met squarely upon their merit, and we are not disposed to go into superfine legal technicalities to enable attorneys to avoid such agreements.

We recommend that the judgment be affirmed.

By the Court: It is so ordered.